2008 ME 101

**STATE of Maine**

v.

**Heath ST. LOUIS.**

Supreme Judicial Court of Maine.

Argued: May 13, 2008.

Decided: June 24, 2008.

---

N. Laurence Willey, Esq., Thomas M. Matzilevich, Esq. (orally), Willey Law Offices, Bangor, ME, for Heath St Louis.

R. Christopher Almy, District Attorney, Susan J. Pope, Asst. Dist. Atty., Bangor, ME, for the State of Maine.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, LEVY, and GORMAN, JJ.

GORMAN, J.

[¶ 1] Heath St. Louis appeals a judgment of conviction of two counts of manslaughter (Class A), 17–A M.R.S. § 203(1)(A) (2007), resulting from the operation of a motor vehicle, entered in the Superior Court (Piscataquis County, *Mead, J.*) after a jury found him guilty. St. Louis argues that he was denied: (1) due process due to prosecutorial delay and failure to retain evidence; (2) his Sixth Amendment right to confrontation as a result of the destruction of the accident vehicle; and (3) a fair trial. We affirm the Superior Court's judgment.

## I.  BACKGROUND

[¶ 2] The jury reasonably could have found the following facts. On October 20, 2004, Heath St. Louis, Drake Martell, and Elias Russell were involved in a one-car accident in Sebec. Martell, who was found seat-belted into the front passenger seat, and Russell, who was found seat-belted into the rear right passenger seat, were both killed in the crash while St. Louis, the driver,[1] survived.

[¶ 3] Blood-alcohol tests showed Russell had a blood-alcohol content of .25%, Martell's was .17%, and St. Louis's was .15%, at the time of the accident. Additionally, swabs taken from the accident vehicle by the Maine State Police crime laboratory showed that St. Louis's DNA was present on the driver's air bag, which was deployed, that neither Martell's nor Russell's DNA matched samples from the airbag that did not match St. Louis's DNA, and blood samples from the driver's area of the car were matched to St. Louis. In November 2004, after the crime laboratory completed testing, the car was released by

---

1. St. Louis maintains that he was not the driver, but there is record evidence to support this finding.

the Sheriffs Office to the insurance company. The car was destroyed soon thereafter.

[¶ 4] Nearly one year later, on October 21, 2005, St. Louis was indicted on two counts of manslaughter. Before trial, St. Louis moved to suppress the forensic evidence gathered by the State and moved to dismiss the charges against him, arguing that prosecutorial delay and the destruction of the accident vehicle denied him due process and governmental fair play. The court denied these motions.

[¶ 5] St. Louis's criminal trial was heard over four days in February 2007. During the trial, St. Louis was not permitted to refer to the destruction of the accident vehicle, but could, and did, refer to its "unavailability," based on the court's finding that the intent element of spoliation was lacking. Additionally, the court declined to give St. Louis's requested spoliation instruction to the jury. The jury found St. Louis guilty on both counts of manslaughter. St. Louis moved for a judgment of acquittal, which was denied. The court entered a judgment of conviction and St. Louis was sentenced to a term of ten years, all but three and one-half years suspended, with six years of probation. St. Louis appeals.

## II. DISCUSSION

[¶ 6] The principal issue in this case is the effect of the State's failure to prevent the destruction of the accident vehicle by the insurer. Although we find all of St. Louis's arguments on this question to be unpersuasive, we briefly address the issue of spoliation.

[¶ 7] In this case, the court correctly found, in its several orders and rulings on St. Louis's various motions, that St. Louis failed to show that the vehicle contained evidence of exculpatory value that was apparent before its destruction or that the

State acted in bad faith in allowing the vehicle's destruction. *See State v. Bilynsky,* 2007 ME 107, ¶ 41, 932 A.2d 1169, 1177 (stating that destruction of evidence violates a defendant's due process rights when the evidence possesses exculpatory value apparent before its destruction and the defendant is unable to obtain comparable evidence); *State v. Kremen,* 2000 ME 117, ¶¶ 15, 16, 754 A.2d 964, 968–69 (stating that destruction of evidence does not violate a criminal defendant's right to a fair trial unless (1) the evidence had exculpatory value that was apparent before its destruction, (2) the defendant is unable to obtain evidence of comparable value, and (3) the State acted in bad faith); *State v. Corson,* 572 A.2d 483, 486 (Me.1990) (providing that good faith of the State is relevant in determining appropriate sanctions for discovery violations). We therefore affirm the court's judgment despite the State's serious oversight in allowing the destruction of the accident vehicle.

The entry is:

Judgment affirmed.