STATE OF MAINE

SUPERIOR COURT

Penobscot, ss.

FILED & ENTERED
SUPERIOR COURT
JUL 25 2008
PENOBSCOT COUNTY

STATE OF MAINE

v.

Docket No. PEN-CR-07-736

SANDRA CALVILLO

Defendant

ORDER ON DEFENDANT'S MOTION FOR SANCTIONS

Defendant's Motion for Discovery Sanctions dated October 12, 2007 came before the court for hearing May 20, 2007, with counsel for both parties present and presenting evidence in the form of testimony and exhibits.

Based on the entire record, the court enters the following findings and denies the motion.

Sometime in late 2006 or early 2007 the BPD had arranged for a motion-activated computerized video system to be installed in the booking area of the BPD headquarters, including the area where Intoxilizer tests of blood alcohol level are administered.

As designed, the video system monitors the area continuously, recording into short-term temporary computer memory, referred to as RAM (Random Access Memory) during the hearing. When it senses movement in the area, it starts recording onto a hard disk drive, and includes in that recording what was captured in RAM during the 10 minutes immediately before movement was sensed. It stops recording in hard drive mode and reverts to RAM when movement ceases to be detected. The hard

drive has a design capacity of 90 days, meaning that recordings made 90 days previously are recorded over and no longer available.

The net effect is that, at least it was designed, the system was supposed to make a recording of movement and sound in the booking and Intoxilizer area, and retain it for 90 days, during which interval the recording could be moved onto a CD or another storage medium to be provided in discovery or for another purpose.

In the spring of 2007, the BPD realized that the system was not working as designed. Initially, it was unclear what the exact problem was and also unclear as to what extent the system was in fact working. As of May 2007, the BPD's understanding was that the system was "going to sleep" at times, meaning that it was not recording onto the hard drive as designed. In late June, the BPD came to understand that the system was recording over what was stored on the hard drive after considerably less than 90 days—24 days to be precise.

Defendant was arrested June 13, 2007 for operating under the influence and transported to the Bangor Police Department (BPD) headquarters in Bangor for a test of her blood alcohol level via an Intoxilizer machine. She retained attorney Foote in her defense, and he on her behalf sent a letter dated June 28, 2007 to Ronald Gastia, chief of the BPD, asking that certain materials, including videotapes, relating to her arrest be preserved for discovery. Simultaneously, attorney Foote submitted a discovery request to the State's attorneys requesting discovery of the same material.

In keeping with BPD procedure, the chief transmitted the letter within the Department to Detective Ellis, who was responsible for retrieving the requested video,

2

via Lt. Reynolds. Although Det. Ellis testified regarding the system, he had no memory of the letter or any steps he took to comply with attorney Foote's request at the time. Since that time, however, he has verified that the hard drive contains no record relating to Ms. Calvillo's arrest.

Because of the "going to sleep" problem and the premature recording-over, the evidence does not allow for an affirmative finding that any video of the Defendant's arrest, booking and Intoxilizer test ever was recorded to the hard drive, or, if it was, how long it remained on the hard drive before being recorded over.

Defendant seeks as a discovery sanction exclusion of the results of the Intoxilizer test as well as any statements she is alleged to have made during the booking and Intoxilizer procedures. She introduced as exhibits two previous letters written by attorney Foote in April and May 2007, making identical requests for preservation of video as to two of his other clients who were likewise arrested for OUI. She asserts that the BPD was on notice through those previous letters that the video needed to be preserved, and that the BPD's failure to take steps to fix the problem or at least to preserve the recordings the system was making justifies a discovery sanction.

The State opposes any sanction, claiming there is insufficient proof that the evidence at issue ever existed on the hard drive and, in any event, that any such evidence has not been shown to have any exculpatory value, and that the State has not been shown to have acted in bad faith.

The Law Court has recently addressed the propriety of discovery sanctions against the State based on destruction of evidence. *See State v. St. Louis*, 2008 ME 101,

3

2008 Me. Lexis 105 (June 24, 2008). In that motor vehicle manslaughter case, the vehicle alleged to have been operated by the defendant at the time of the crash was destroyed. Defendant requested a discovery sanction against the State. In upholding the Superior Court's determination that no discovery sanction was warranted, the Law Court reiterated the framework it has used previously in the same context:

> In this case, the court correctly found, in its several orders and rulings on St. Louis's various motions, that St. Louis failed to show that the vehicle contained evidence of exculpatory value that was apparent before its destruction or that the State acted in bad faith in allowing the vehicle's destruction. See State v. Bilynsky, 2007 ME 107, ¶41, 932 A.2d 1169, 1177 (stating that destruction of evidence violates a defendant's due process rights when the evidence possesses exculpatory value apparent before its destruction and the defendant is unable to obtain comparable evidence); State v. Kremen, 2000 ME 117, ¶¶15, 16, 754 A.2d 964, 968-69 (stating that destruction of evidence does not violate a criminal defendant's right to a fair trial unless (1) the evidence had exculpatory value that was apparent before its destruction, (2) the defendant is unable to obtain evidence of comparable value, and (3) the State acted in bad faith); State v. Corson, 572 A.2d 483, 486 (Me. 1990) (providing that good faith of the State is relevant in determining appropriate sanctions for discovery violations). We therefore affirm the court's judgment despite the State's serious oversight in allowing the destruction of the accident vehicle.

*State v. St. Louis*, 2008 ME 101, ¶7, 2008 Me. Lexis 105 at 4.

In the present case, the Defendant has failed to establish that the video in question had exculpatory value, or that the BPD or the State acted in bad faith. The parties differ as to what was said during the booking and before the Intoxilizer— Defendant's memoranda claim she was coerced into taking the test; the State's asserts she made incriminating statements and denies coercion. No evidence was presented at the hearing on the issue. Thus, the court cannot make an affirmative finding that any video would have had exculpatory value.

4

As to the question of bad faith, although the BPD clearly was on notice of some kind of problem with the video before Defendant's arrest, there is no indication the BPD failed to take reasonable steps to correct it. Even had there been some lack of diligence in fixing the problem, that does not translate into bad faith.

As to Defendant's argument that the BPD should have downloaded the contents of the hard drive frequently in light of the storage issue, the evidence indicates that the BPD did not learn of the storage problem until late June. Even had there been some lack of alacrity on the BPD's part in following up on attorney Foote's June 28 letter (and the evidence does not exclude that possibility), that itself does not translate into bad faith.

Finally, and perhaps most importantly, the Defendant has not affirmatively established that the evidence at issue ever existed in a recoverable form. Based on the evidence, it is at least as possible that no video of the Defendant's booking and test was ever recorded to the system's hard drive, as it is that the recording was made and later recorded over.

For all of these reasons, Defendant Sandra Calvillo's Motion for Discovery Sanctions is hereby denied.

Dated July 24, 2008

_____
Justice, Superior Court

Andrew Horton

5

CR-2007-736

DEFENSE COUNSEL

Wayne Foote, Esq.
P O BOX 1576
Bangor  ME  04401


STATE

Gregory Campbell, Assistant D.A.
97 Hammond St
Bangor  ME 04401