STATE OF MAINE
PENOBSCOT, ss

FILED & ENTERED
SUPERIOR COURT
SEP 3 0 2008
PENOBSCOT COUNTY

SUPERIOR COURT
DOCKET NO. CR-07-907

STATE OF MAINE

v.

ORDER ON MOTION FOR SANCTIONS

STACY A. ALLEN

## BACKGROUND

Before the Court is Defendant's Motion for Sanctions docketed Aug. 20, 2008.
The parties were heard in oral argument on the motion September 22, 2008. The State
was represented at that hearing by Assistant District Attorney Susan Pope. The Defendant
is represented by Attorney David Walker.

The Court asked the parties to consider presenting evidence by way of sworn
testimony, but neither party presented such evidence. The Court therefore relies upon the
Statement of Facts made in the State's Opposition to Defendant's Motion for Sanctions,
as well as factual assertions made in the defense motion.

The Defendant was arrested and charged with operating the influence on August
31, 2007 by Officer Lori Renzullo of the Old Town Police Department. Two video
recordings of the Defendant were made that evening by law enforcement officers. The
first was the so-called ICOP recording which is a video recording made from equipment
mounted on the front of the officer's cruiser, and apparently activated automatically when
the cruiser's wig-wag lights operate.

The second video recording made that night was one made at the Penboscot County Jail. Apparently, Officer Renzullo determined that the intoxilyzer at Old Town Police Department was not operating correctly, so she transported the Defendant to the jail to administer the test. The fact that the test was conducted at the Penobscot County Jail was disclosed to the Defendant in Officer Renzullo's police report. (Exhibit C to Defendant's Motion).

On September 18, 2008, the Defendant sent a letter to the District Attorney, pursuant to Rule 16(a) and 16(b) of the Maine Rules of Criminal Procedure.

Rule 16(a) materials, which must be "furnished" within a reasonable time even if not requested, include "any written or recorded statements and the substance of any oral statements made by the defendant."

Rules 16(b) materials, which have to be requested by the defense, include under 16(b)(2A), "any books, papers, documents, photographs (including motion pictures and video tapes)", among other items. The State under Rule 16(b) is required to "allow access at any reasonable time" to the evidence described in that section. The State's obligation under 16(b) "extends to matters within the attorney for the state's possession or control." It also extends to "matters within the possession and control…of any official or employee of this state or any political subdivision thereof who regularly reports or with reference to the particular case has reported to the attorney for the state's office."

The State provided to the Defense Officer Renzullo's report on or about September 21, 2007. As noted above, this report indicated that the intoxilyzer test was conducted at the Penobscot County Jail. The report also states, after describing what transpired at the jail, the following: "The entire incident was captured on my ICOP digital

recording system in vehicle 133." The report makes no mention of the fact that the intoxilyzer process at the jail was video-recorded by separate equipment or by a separate law enforcement entity.

The ICOP recording was provided to the DA's Office by Officer Renzullo on or about September 28, 2007. Defense Counsel was notified, and the recording was picked up by the defense on or about October 3, 2007. The State informed the defense that this was "the State's only copy" of the CD, and asked the defense to return the CD after viewing it or making another copy of it. The CD remained in possession of the defense until "some time after October 26, 2007."

On November 13, 2007, Defense Counsel sent the District Attorney a letter asking for more information about the intoxilyzer at the Old Town Police Department. (State's Exh. B). The letter does not request copies of video recordings, and it was apparently sent under the misimpression that the breath test was conducted at the police department, and not at the jail. However, the police report does not mention anything about there being a recording made at the jail, as noted above. In addition, the State's response to this letter, dated November 15, 2007, refers Defense Counsel to obtain "access to any audio or video recording, which may be in the arresting agency's possession upon reasonable notice to that department." (State's Exh. B).

On December 13, 2007, Defense Counsel sent a letter to Sheriff Glenn Ross asking for maintenance records and instruction manuals on the intoxilyzer machine. No request was made for videotapes. This letter, State's Exh. C, seems to request the identical information which had been requested in the November 13,2007 letter to the DA's Office.

On November 15, 2007, the Defendant filed a Motion to Suppress. The Defendant's Motion for Sanctions states that "in the days preceding Defendant's hearing on her Motion to Suppress, undersigned Counsel learned that that the administration of the Intoxilyzer and "booking" process was recorded by video cameras at the jail." The hearing on the Motion was held on June 12, 2008, so the Court infers that the defense learned about the jail video's existence in early June, 2008. Defense Counsel indicates he immediately sent his investigator to obtain the recordings from the jail, and was told that the "video footage" was not available. The Defendant then filed a Motion to Compel to force the state to make the recording available, or to force the State to account for what happened to it.

In its opposition to the Motion to Compel, the State states that "any viewing of this video (the ICOP) in any fashion would put the observer on notice that the Intoxilyzer was performed at the PCJ, which was **not** the arresting agency," (emphasis added). And although the State in its opposition to the Motion to Compel attaches a copy of its November 15, 2007 letter to defense counsel, this letter directs the defense to get all recordings not from the jail, but from the arresting agency, namely the Old Town Police Department.

The Motion to Compel was denied by Justice Anderson on June 27, 2008, as the "State indicates the tapes no longer exist." The State has represented that "any tape of the defendant made on August 31, 2007" made by the Penobscot County Jail would have been erased or destroyed by November 10, 2007 "at the latest." (State's opposition to Motion to Compel, pg. 2).

# FINDINGS AND CONCLUSIONS

The State argues that it complied with the duties it has under Rule 16 of the Maine Rules of Criminal Procedure. The Defendant is seeking a dismissal of the charge, arguing that the information on the erased or destroyed video recordings is critical to its case.

The Defendant notes that three breath samples were taken from the Defendant at the jail. The first sample given resulted in the machine reading "INVALID SAMPLE" at 2:40 am. The Defendant claims, and the State does not seem to contest in this Motion, that this reading is consistent with the presence of mouth alcohol and not alcohol from deep lung air. The Defendant also claims that Officer Renzullo was required to wait an additional 15 minutes before administering a second test, but the report indicates that a second and third sample were taken three minutes and six minutes after the first reading, respectively. Officer Renzullo apparently testified at the hearing before the Bureau of Motor Vehicles that she interpreted the "INVALID SAMPLE" reading to mean that the Defendant did not give "an adequate" breath sample, which to her meant "not enough air." The Defendant argues that "the invalid sample error code combined with Officer Renzullo's confusion about its meaning creates serious questions about the reliability of the Intoxilyzer result." (Pg. 6, Motion for Sanctions).

The first issue is to determine if the State had an obligation to provide the video recording or recordings made at and maintained by the Penobscot County Jail under Rule 16(a). To the extent that those recordings fit the criteria under that rule, the State had an obligation to provide them, irrespective of whether or not the defense requested them.

The Court finds that the State had an obligation under Rule 16(a) to provide any recorded statement of the Defendant that was made at the Penobscot County Jail. It is undisputed that the booking process and administration of the intoxilyzer tests were recorded. The Court therefore orders that the State is prohibited from eliciting from any witness called by the State any evidence as to what the Defendant may have said at the Penobscot County Jail, either during booking or during administration of the intoxilyzer test. Because the Court does not, however, believe that the erasing or destruction of the tapes was done in bad faith by any member of the Penobscot County Sheriff's Department, the Defendant's request for dismissal is denied. The sanction described above seems appropriate to the Court, given the clear dictates of Rule 16(a)(1B).

The Defendant also argues that dismissal is appropriate given the failure of the State to produce this video under Rule 16(b)(1). The Defendant cites his request of videotapes in the letter to the State dated September 18, 2007. The State argues essentially that it had no duty to provide the videotape under the rule.

The Court finds unpersuasive the State's position asserted at the September 22, 2008 hearing, that employees of the Penobscot County Jail do not fit the criteria under this rule. The Court finds that because intoxilyzer tests can be administered at the jail for use in OUI prosecutions such as this one, and because this test was administered there, the once-extant video tape is one of "those matters" within the control of the State's attorney's office.

As noted above, the Court does not believe that the destruction of the video was done intentionally or in bad faith. The Court can also not find that what was on the video was "known" to the attorney for the state to be exculpatory, as envisioned by Rule

16(a)(C). Therefore, the case cited by the Defendant, *Kyles v. Whitney*, 514 U.S. 419 (1995) is inapposite. That case also dealt with information that was known to the State, but withheld from the defense. There is absolutely no evidence here that the State's attorney knows what was on the video, and intentionally withheld it from the Defendant.

The Court also cannot find that the Defendant's due process rights were prejudiced by any bad faith destruction of evidence, such that dismissal would be appropriate. See *State v. St. Louis*, 951 A.2d 80 (Me. 2008); *State v. Bilynski*, 754 A.2d 964 (Me. 2007).

Nevertheless, the Court finds that given the facts of this particular case, the State had an obligation to provide reasonable access to the jail video, which was requested on September 18, 2007 by the defense. There are legitimate issues in this case about the validity of the intoxilyzer process, given the "INVALID SAMPLE" reading, the apparent testimony from Officer Renzullo about what that means, and given the intoxilyzer report which suggests that an appropriate 15-minute waiting period may not have been utilized after the first reading was obtained.

Further, the Court does not believe it was up to the defense to figure out which law enforcement agency had possession of the video. It appears that the State misdirected the defense to the "arresting agency," namely the Old Town Police Department in its letter dated November 15, 2007. While the State argues that if the defense had simply viewed the ICOP video when it was in defense possession for three weeks in October, 2007, it would have figured out that it was the jail who maintained possession of the video. This is unpersuasive, given the fact that the officer's report does not mention that any video was made at the jail. The report instead contains the ambiguous statement that

the "entire incident" was recorded on the ICOP equipment. While this misdirection was clearly unintentional, the State cannot shift to the defense the obligations it has under Rule 16(b)(1) and 16(b)(2A). It should not be lost on anyone that by the time the misdirecting letter was sent, the video in question had likely already been erased or destroyed.

The Court therefore orders that the State may not use the intoxilyzer result in this case.


The entry will be:


The State is prohibited from eliciting from any witness at trial, any statement made by the Defendant at the Penobscot County Jail, during booking or during administration of the intoxilyzer test.

The State is further prohibited from using the result of the intoxilyzer test at trial.


_9/29/08_

**DATE**

_[signature]_

**SUPERIOR COURT JUSTICE**

CR-2007-907

Attorney for the State

Susan Pope, Asst D.A.
Office of the District Attorney
97 Hammond St
Bangor  ME    04401


Attorney for the Defendant

F. David Walker Esq
P O Box 1401
Bangor  ME 04402-1401