STATE OF MAINE                              SUPERIOR COURT
KENNEBEC, ss                               CRIMINAL ACTION
                                           DOCKET NO. CR-08-812
                                           NM - KEN - 1/19/2010

STATE OF MAINE

        v.                                 ORDER ON DEFENDANT'S MOTION
                                           TO EXCLUDE EVIDENCE AND
HEATHER DUCASSE,                           TESTIMONY ON BLOOD ALCOHOL
                                           TEST RESULTS
        Defendant


The defendant moves to exclude evidence and testimony on the defendant's blood alcohol test results. The defendant argues first that the State's spoliation of evidence requires exclusion of the test results because the blood specimens should have been refrigerated while in Sergeant Cowan's custody and because the original data of the tests performed on 7/14/08 was lost. The defendant argues that expert testimony regarding the test results must be excluded because the expert cannot establish underlying facts or data.

The defendant's blood sample was placed in Sergeant Cowan's cruiser on 7/11/08 and stored at his home until the sample was delivered to the Maine Health and Environmental Testing Lab (HETL) on 7/14/08. The sample was not refrigerated during this period. The kit was properly sealed by Sergeant Cowan and arrived at the HETL properly sealed. There is no evidence on this record that the kit was opened or tampered with prior to delivery at the HETL.

Based on the testimony of Stephen Pierce, the court concludes that failure to refrigerate the sample did not affect the integrity of the sample. Blood kits are received

1

by the HETL via regular mail, certified mail, UPS, and delivery to the drop box. None of these kits is refrigerated.

Mr. Pierce considers section B(6) of chapter 270 of the DHHS's rules for sample collection to apply to drug cases because some drugs break down more rapidly if stored at room temperature. (Def.'s Ex. 3.) He agreed that refrigeration of blood sample is preferred because there can be a slight decrease in the alcohol content of the sample when stored at room temperature. As long as the proper tubes are used for the sample, as happened in this case, the alcohol content will not increase.[1]

On 7/14/08, the defendant's sample was delivered to the HETL. During the afternoon of that day, Mr. Pierce prepared a worksheet and recorded the standards and controls and sample he would run and the order in which the work would be done. (State's Ex. 19.) He prepared glass vials with the internal standard solution and loaded the 18 vials into the auto-sampler numbered tray and started the gas chromatograph. He left for the day before the test was completed. The auto-sampler either works or, if there is a problem, stops and does not finish the test.

This test was completed and the results were appropriate based on the standards and controls and accuracy requirements. (State's Ex. 19.) The printout from the gas chromatograph computer shows the test results graphically and numerically. (State's Ex. 1.) Collection of data on the substance in each vial requires a total of approximately four and one-half minutes, which occurred in this test. The report shows no indication of an interruption. The fact that the printout does not report accurate times does not affect the accuracy of the test. (Id.)

---

[1] The Glover study confirms Mr. Pierce's conclusions: "[s]amples exposed to rather harsh conditions, i.e. high heat, will not cause an elevated alcohol concentration. The loss of alcohol during the first 3 days while unrefrigerated suggests that it would be prudent to refrigerate samples whenever possible." (Def.'s Ex. 2 at 337.)

2

Because he made a new batch of the internal standard solution, Mr. Pierce on 7/15/08 performed a new calibration curve. The original results were not valid because the original calibration curve was not valid. From the data collected, the computer then recalculated values for the calibrators, standards, and samples. When the results were saved, the only change in the worksheet was the numbers in the columns labeled G/DL and G/DL, grams per deciliter, on page one of the worksheet. Neither the graphs nor the retention times changed. The data was recalculated, not overwritten; the results were overwritten. Mr. Pierce certified the test result. In fact, because so many standards were used for this one sample, this test result is more reliable than when the usual process is used.

On this record, the court concludes that from 7/14/08 to 7/15/08, the sample order did not change and the time intervals in which the samples were run remain consistent with a valid test result. The State has not destroyed evidence and has not acted in bad faith. State v. St. Louis, 2008 ME 101, ¶ 7, 951 A.2d 80, 81; State v. Kremen, 2000 ME 117, ¶ 15, 754 A.2d 964, 968. Based on this conclusion, an expert witness would have the ability to disclose underlying facts on cross-examination. M. R. Evid. 705.

The entry is

> The Motion to Exclude Evidence and Testimony on Blood
> Alcohol Test Results is DENIED.

Date: January 19, 2010

Nancy Mills
Justice, Superior Court

3

STATE OF MAINE
  vs
HEATHER A DUCASSE
P.O. BOX 598
BELGRADE LAKES ME 04918

SUPERIOR COURT
KENNEBEC, ss.
Docket No  AUGSC-CR-2008-00812

**DOCKET  RECORD**

DOB: 09/16/1978
Attorney: PETER DETROY
       NORMAN HANSON & DETROY
       415 CONGRESS STREET
       PO BOX 4600
       PORTLAND ME 04112-4600
       RETAINED 10/23/2008
Attorney: THOMAS MARJERISON
       NORMAN HANSON & DETROY
       415 CONGRESS STREET
       PO BOX 4600
       PORTLAND ME 04112-4600
       RETAINED 10/27/2009

State's Attorney: EVERT FOWLE

Filing Document: INDICTMENT
Filing Date: 10/16/2008

Major Case Type: HOMICIDE

## Charge(s)

**1  MANSLAUGHTER**                   **07/11/2008 BELGRADE**
**Seq 4248  17-A  203(1)(A)**       **Class A**

**2  OPERATING UNDER THE INFLUENCE-DEATH**    **07/11/2008 BELGRADE**
**Seq 11185 29-A  2411(1-A)(D)(1-A)**    **Class B**

## Docket Events:

10/16/2008 FILING DOCUMENT -  INDICTMENT FILED ON 10/16/2008

       TRANSFER -  BAIL AND PLEADING GRANTED ON 10/16/2008

       TRANSFER -  BAIL AND PLEADING REQUESTED ON 10/16/2008

10/16/2008 BAIL BOND - $50,000.00 SURETY BAIL BOND SET BY COURT ON 10/16/2008
       NANCY  MILLS , JUSTICE
10/17/2008 BAIL BOND - $30,000.00 SURETY BAIL BOND FILED ON 10/17/2008

| | | |
|---|---|---|
| Bail Amt:  $30,000 | Surety Type: BAIL LIEN | Surety Value:  $0 |
| County: KENNEBEC | County Book ID: 9885 Book Page: 203 | |
| Date Bailed: 10/17/2008 | Prvdr Name: HEATHER  DUCASSE | |
| Lien Issued: 10/17/2008 | Rtrn Name: HEATHER  DUCASSE | |
| Lien Discharged: | | |

10/22/2008 Charge(s): 1,2
       HEARING -  ARRAIGNMENT SCHEDULED FOR 10/28/2008 @ 8:30

10/23/2008 Party(s): HEATHER A DUCASSE
       ATTORNEY - RETAINED ENTERED ON 10/23/2008

              Attorney:  PETER DETROY
10/23/2008 Charge(s): 1,2
           HEARING -  ARRAIGNMENT NOTICE SENT ON 10/23/2008


10/28/2008 Charge(s): 1,2
           HEARING -  ARRAIGNMENT HELD ON 10/28/2008
           NANCY  MILLS , JUSTICE
           READING WAIVED.  DEFENDANT INFORMED OF CHARGES.  COPY OF INDICTMENT/INFORMATION GIVEN TO
           DEFENDANT.  21 DAYS TO FILE MOTIONS
10/28/2008 Charge(s): 1,2
           PLEA -  NOT GUILTY ENTERED BY DEFENDANT ON 10/28/2008


10/28/2008 TRIAL -  DOCKET CALL SCHEDULED FOR 12/04/2008 @ 9:45


11/26/2008 MOTION -  MOTION TO CONTINUE FILED BY DEFENDANT ON 11/25/2008


           Attorney:  PETER DETROY
12/03/2008 MOTION -  MOTION TO CONTINUE GRANTED ON 12/03/2008
           JOSEPH M JABAR , JUSTICE
           COPY TO PARTIES/COUNSEL
12/03/2008 TRIAL -  DOCKET CALL CONTINUED ON 12/03/2008
           JOSEPH M JABAR , JUSTICE
12/03/2008 Charge(s): 1,2
           TRIAL -  DOCKET CALL SCHEDULED FOR 01/06/2009 @ 9:15


12/26/2008 Charge(s): 1,2
           TRIAL -  DOCKET CALL CONTINUED ON 12/26/2008


12/26/2008 Charge(s): 1,2
           TRIAL -  DOCKET CALL SCHEDULED FOR 03/03/2009 @ 10:00


03/03/2009 Charge(s): 1,2
           TRIAL -  DOCKET CALL HELD ON 03/03/2009
           JOSEPH M JABAR , JUSTICE
           Reporter: JANETTE COOK
           Defendant Present in Court
03/03/2009 Charge(s): 1,2
           TRIAL -  DOCKET CALL SCHEDULED FOR 06/02/2009 @ 10:15


03/04/2009 ORDER -  SPECIAL ASSIGNMENT ENTERED ON 03/04/2009
           JOHN  NIVISON , JUSTICE
05/06/2009 MOTION -  OTHER MOTION FILED BY STATE ON 05/06/2009


           DA:  ALAN KELLEY
           MOTION FOR SPECIAL SETTING.
05/06/2009 MOTION -  OTHER MOTION FILED BY STATE ON 05/06/2009


           MOTION FOR SPECIAL SETTING
06/01/2009 Charge(s): 1,2
           TRIAL -  DOCKET CALL NOT HELD ON 06/01/2009


06/18/2009 MOTION -  OTHER MOTION FILED BY DEFENDANT ON 06/18/2009

MOTION TO EXCLUDE EVIDENCE AND TESTIMONY ON BLOOD ALCOHOL TEST RESULTS
06/18/2009 TRIAL - DOCKET CALL SCHEDULED FOR 10/06/2009 @ 11:30

09/10/2009 HEARING - OTHER MOTION SCHEDULED FOR 10/06/2009 @ 11:30

MOTION TO EXCLUDE TEST
09/21/2009 MOTION - MOTION TO CONTINUE FILED BY STATE ON 09/21/2009

09/24/2009 MOTION - MOTION TO CONTINUE GRANTED ON 09/23/2009
DONALD H MARDEN , JUSTICE
Defendant Present in Court

COPY TO PARTIES/COUNSEL
09/24/2009 HEARING - OTHER MOTION CONTINUED ON 09/23/2009

MOTION TO EXCLUDE TEST
09/24/2009 TRIAL - DOCKET CALL CONTINUED ON 09/24/2009

09/24/2009 Charge(s): 1,2
TRIAL - DOCKET CALL SCHEDULED FOR 12/09/2009 @ 10:15

10/27/2009 Party(s): HEATHER A DUCASSE
ATTORNEY - RETAINED ENTERED ON 10/27/2009

Attorney: THOMAS MARJERISON
11/09/2009 HEARING - OTHER MOTION SCHEDULED FOR 12/09/2009 @ 10:15

MOTION TO EXCLUDE EVIDENCE AND TESIMONY
11/25/2009 MOTION - OTHER MOTION FILED BY DEFENDANT ON 11/25/2009

MOTION FOR ACCESS TO JUROR INFORMATION
11/25/2009 HEARING - OTHER MOTION SCHEDULED FOR 12/09/2009 @ 10:15

MOTION FOR ACCESS TO JUROR INFORMATION
11/25/2009 MOTION - MOTION EXPERT WITNESS REPORT FILED BY DEFENDANT ON 11/25/2009

11/25/2009 HEARING - MOTION EXPERT WITNESS REPORT SCHEDULED FOR 12/09/2009 @ 10:15

11/25/2009 HEARING - MOTION EXPERT WITNESS REPORT NOTICE SENT ON 11/25/2009

11/25/2009 HEARING - OTHER MOTION NOTICE SENT ON 11/25/2009

MOTION FOR ACCESS TO JUROR INFORMATION
12/02/2009 HEARING - MOTION EXPERT WITNESS REPORT CONTINUED ON 12/02/2009

12/02/2009 HEARING - MOTION EXPERT WITNESS REPORT SCHEDULED FOR 12/10/2009 @ 8:30

12/02/2009 HEARING - OTHER MOTION CONTINUED ON 12/02/2009

MOTION FOR ACCESS TO JUROR INFORMATION
12/02/2009 HEARING - OTHER MOTION SCHEDULED FOR 12/10/2009 @ 8:30

MOTION FOR ACCESS TO JUROR INFORMATION
12/02/2009 HEARING -  OTHER MOTION CONTINUED ON 12/02/2009


MOTION TO EXCLUDE EVIDENCE AND TESIMONY
12/02/2009 HEARING -  OTHER MOTION SCHEDULED FOR 12/10/2009 @ 8:30


MOTION TO EXCLUDE EVIDENCE AND TESTIMONY
12/02/2009 Charge(s): 1,2
           TRIAL -  DOCKET CALL CONTINUED ON 12/02/2009


12/02/2009 Charge(s): 1,2
           TRIAL -  DOCKET CALL SCHEDULED FOR 01/05/2010 @ 11:00


12/09/2009 OTHER FILING -  OTHER DOCUMENT FILED ON 12/08/2009


        STATE'S RESPONSE TO THE REQUEST FOR JUROR INFORMATION FILED BY DEFENDANT
12/15/2009 MOTION -  MOTION FOR DISCOVERY FILED BY DEFENDANT ON 12/09/2009


12/16/2009 HEARING -  OTHER MOTION CONTINUED ON 12/10/2009


        MOTION TO EXCLUDE EVIDENCE AND TESTIMONY
12/16/2009 HEARING -  OTHER MOTION SCHEDULED FOR 01/14/2010 @ 1:00


        MOTION TO EXCLUDE EVIDENCE AND TESTIMONY
12/16/2009 HEARING -  MOTION FOR DISCOVERY SCHEDULED FOR 01/14/2010 @ 1:00


        NOTICE  TO PARTIES/COUNSEL
12/16/2009 HEARING -  MOTION EXPERT WITNESS REPORT CONTINUED ON 12/10/2009


12/16/2009 HEARING -  MOTION EXPERT WITNESS REPORT SCHEDULED FOR 01/14/2010 @ 1:00


12/16/2009 HEARING -  OTHER MOTION CONTINUED ON 12/10/2009


        MOTION FOR ACCESS TO JUROR INFORMATION
12/16/2009 HEARING -  OTHER MOTION SCHEDULED FOR 01/14/2010 @ 1:00


        MOTION FOR ACCESS TO JUROR INFORMATION
12/22/2009 MOTION -  OTHER MOTION FILED BY STATE ON 12/22/2009


        MOTION TO DETERMINE BLOOD TEST ADMISSIBILITY
12/31/2009 HEARING -  OTHER MOTION SCHEDULED FOR 01/14/2010 @ 1:00
           NANCY  MILLS , JUSTICE
           MOTION TO EXCLUDE BLOOD TEST
12/31/2009 HEARING -  OTHER MOTION NOTICE SENT ON 12/31/2009


        MOTION TO EXCLUDE BLOOD TEST
12/31/2009 HEARING -  OTHER MOTION NOTICE SENT ON 12/31/2009


        MOTION FOR ACCESS TO JUROR INFORMATION
12/31/2009 HEARING -  MOTION EXPERT WITNESS REPORT NOTICE SENT ON 12/31/2009


12/31/2009 HEARING -  MOTION FOR DISCOVERY NOTICE SENT ON 12/31/2009

12/31/2009 HEARING -  OTHER MOTION SCHEDULED FOR 01/14/2010 @ 1:00

        MOTION TO EXCLUDE EVIDENCE AND TEST ON BLOOD ALCOHOL TEST
12/31/2009 HEARING -  OTHER MOTION NOTICE SENT ON 12/31/2009

        MOTION TO EXCLUDE EVIDENCE AND TEST ON BLOOD ALCOHOL TEST
01/06/2010 Charge(s): 1,2
        TRIAL -  JURY TRIAL SCHEDULED FOR 01/26/2010 @ 8:30

        NOTICE TO PARTIES/COUNSEL
01/07/2010 JURY FILING -  PROPOSED VOIR DIRE FILED BY STATE ON 01/06/2010

01/08/2010 Charge(s): 1,2
        TRIAL -  JURY TRIAL SELECTED ON 01/07/2010
        DONALD H MARDEN , JUSTICE
01/13/2010 OTHER FILING -  OTHER DOCUMENT FILED ON 01/12/2010

        NOTICE OF DEMAND FOR TESTIMONY OF WITNESSES
01/14/2010 Charge(s): 1,2
        MOTION -  MOTION FOR DISCOVERY FILED BY STATE ON 01/14/2010

01/14/2010 Charge(s): 1,2
        HEARING -  MOTION FOR DISCOVERY SCHEDULED FOR 01/14/2010 @ 1:00

        NOTICE  TO PARTIES/COUNSEL
01/14/2010 MOTION -  OTHER MOTION GRANTED ON 01/13/2010
        NANCY  MILLS , JUSTICE
        MOTION FOR ACCESS TO JUROR INFORMATION                        THE ATTORNEY
        FOR THE STATE IS HEREBY ORDERED TO PRODUCE TO THE DEFENDANT ALL INFORMATION IN THE
        POSSESSION, CUSTODY, AND CONTROL OF THE ATTORNEY FOR THE STATE AS IT PERTAINS TO MOTOR
        VEHICLE CONVICTIONS AND CRIMINAL CONVICTIONS OF MEMBERS OF THE JURY PANEL IN THIS CASE.
        IF ADA PAUL RUCHA IS AWARE OF ARREST HISTORY FOR MEMBERS OF THE JURY PANEL, THAT
        INFORMATION SHALL BE ALSO PROVIDED.  THIS ORDER SHALL NOT AND DOES, ETC.
01/14/2010 MOTION -  MOTION FOR DISCOVERY FILED BY DEFENDANT ON 01/14/2010

01/14/2010 HEARING -  MOTION FOR DISCOVERY SCHEDULED FOR 01/14/2010 @ 1:00

        NOTICE  TO PARTIES/COUNSEL
01/15/2010 HEARING -  MOTION FOR DISCOVERY HELD ON 01/14/2010
        NANCY  MILLS , JUSTICE
        Reporter: TAMMY DROUIN
        Defendant Present in Court
01/15/2010 MOTION -  MOTION FOR DISCOVERY GRANTED ON 01/14/2010
        NANCY  MILLS , JUSTICE
        COPY TO PARTIES/COUNSEL                                       THE MOTION IS
        GRANTED TO THE EXTENT THE REQUESTED INFORMATION EXISTS, REQUEST FOR TROOPER WELCH'S GRADES
        IS WITHDRAWN
01/15/2010 Charge(s): 1,2
        HEARING -  MOTION FOR DISCOVERY HELD ON 01/14/2010
        NANCY  MILLS , JUSTICE
        Reporter: TAMMY DROUIN
        Defendant Present in Court
01/15/2010 Charge(s): 1,2

MOTION - MOTION FOR DISCOVERY GRANTED ON 01/14/2010
NANCY MILLS , JUSTICE
COPY TO PARTIES/COUNSEL                                    AMENDED REPORT
OF PATRICK DEMERS HAS BEEN PROVIDED.  DOCTORS WILL TESTIFY ABOUT INFORMATION IN THEIR
REPORTS.  IF CHIP JOHNSON WIL TESTIFY, A REPORT WILL BE PROVIDED BY 1/20/10
01/15/2010 HEARING - MOTION FOR DISCOVERY HELD ON 01/14/2010
NANCY MILLS , JUSTICE
Reporter: TAMMY DROUIN
Defendant Present in Court
01/15/2010 HEARING - OTHER MOTION HELD ON 01/14/2010 @ 1:00
NANCY MILLS , JUSTICE
Reporter: TAMMY DROUIN
Defendant Present in Court

MOTION TO EXCLUDE EVIDENCE AND TESTIMONY
01/15/2010 HEARING - OTHER MOTION HELD ON 01/14/2010 @ 1:00
NANCY MILLS , JUSTICE
Reporter: TAMMY DROUIN
Defendant Present in Court

MOTION TO EXCLUDE EVIDENCE AND TEST ON BLOOD ALCOHOL TEST
01/15/2010 HEARING - OTHER MOTION HELD ON 01/14/2010
NANCY MILLS , JUSTICE
Defendant Present in Court

MOTION TO EXCLUDE BLOOD TEST
01/15/2010 HEARING - OTHER MOTION NOT HELD ON 01/14/2010

MOTION FOR ACCESS TO JUROR INFORMATION
01/15/2010 MOTION - OTHER MOTION UNDER ADVISEMENT ON 01/14/2010
NANCY MILLS , JUSTICE
MOTION TO EXCLUDE EVIDENCE AND TESTIMONY ON BLOOD ALCOHOL TEST RESULTS
01/19/2010 Charge(s): 1,2
TRIAL - DOCKET CALL NOT HELD ON 01/05/2010

01/19/2010 MOTION - OTHER MOTION DENIED ON 01/19/2010
NANCY MILLS , JUSTICE
MOTION TO EXCLUDE EVIDENCE AND TESTIMONY ON BLOOD ALCOHOL TEST RESULTS

A TRUE COPY
ATTEST: _____
                        Clerk